# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **KYLE SHEPARD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **AMERICAN AIRLINES, INC. and** | § | |
| **DALLAS/FORT WORTH** | § | |
| **INTERNATIONAL AIRPORT BOARD,** | § | |
| | § | |
| **Defendants** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff Kyle Shepard files this Original Complaint complaining of American Airlines, Inc. and Dallas/Fort Worth International Airport Board ("Defendants") and for causes of action shows as follows:

### PARTIES

1. Plaintiff is a citizen of the United States, and is currently domiciled in and is a citizen of the State of California.

2. Defendant American Airlines, Inc. ("AA") is a corporation organized under the laws of the State of Delaware. Service of process can be accomplished by serving the Summons and Complaint upon Defendant's registered agent for service: C.T. Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

3. Defendant Dallas/Fort Worth International Airport Board (the "DFW Board") is a joint venture created by contract between the cities of Dallas and Fort Worth, Texas. The DFW Board is charged with operating and maintaining Dallas/Fort Worth International Airport. The

DFW Board may be served through its Chairman of the Board, Sam Coats, at 2 Grantley Court, Dallas, Texas 75230.

## JURISDICTION AND VENUE

4.     Since complete diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs, this court has diversity jurisdiction under 28 U.S.C. 1332.  Venue is proper in this district as the events giving rise to this claim occurred in the district.

## FACTS

5.     On or about April 25, 2014, Plaintiff, a business invitee or ordinary invitee, was walking through Terminal C, Gate 8 of the Dallas/Fort Worth International Airport (the "Premises"), when he slipped and fell on a liquid and/or ice on the walkway near an American Airlines' gate.

6.     Prior to and at the time in question, employees and representatives of AA had taken control of the premises in question on behalf of AA and the DFW Board.  More specifically, another traveler had dropped his drink, spilling liquid and ice on the floor.  While a sign had been placed near the slippery surface to ostensibly warn of same, said sign was not placed where it could have been seen and/or read by the people walking in the airport and further failed to indicate where in fact the danger actually existed.  As a result, Plaintiff fell.

7.     Plaintiff suffered injuries to his shoulder, ankle, neck and back.

## CONDITIONS PRECEDENT

8.     Plaintiff re-alleges and incorporates paragraphs 1 through 7 herein.

9.      All conditions precedent for the filing of this suit have occurred, will occur or will be futile.  To the extent that any notice of any particular claim is required, then the filing of this suit shall satisfy same to the extent that notice has not otherwise been provided.

## <u>RESPONDEAT SUPERIOR</u>

10.      Plaintiff re-alleges and incorporates paragraphs 1 through 9 herein.

11.      At all times material hereto, all of the agents, servants, and/or employees of Defendants who were connected with the occurrence made the subject of this suit (and each Defendant, to the extent employed by another Defendant) were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, the named Defendants are liable for the negligent acts and omissions of its employees and agents under the doctrine of *Respondeat Superior*.

## <u>CAUSES OF ACTION</u>
### (Negligence and/or Premises Liability)

12.      Plaintiff re-alleges and incorporates paragraphs 1 through 11 herein.

13.      Defendants are the owners, operators, lessors and/or managers of, and at all times material, were otherwise in control of the Premises.  Plaintiff was an invitee of Defendants. Therefore, Defendants owed Plaintiff a duty to use reasonable care to protect him, not only from those defective dangerous conditions of which Defendants were actually aware, but from such conditions of which Defendants should have been aware after reasonable inspection. Additionally, Defendants, as possessors of the Premises, owed Plaintiff a duty to repair and/or maintain the property in a reasonably safe condition and/or to otherwise reasonably remediate same.  Defendants have breached these and other duties as more fully set forth below.

14.     At all relevant times, Defendants committed one or more of the following acts or omissions, either directly or through its employees, agents, officers, supervisors, representatives and contractors each of which, alone or in combination, amounted to acts and/or omissions which a reasonably prudent owner and/or operator would not have done under the same or similar circumstances, proximately causing the occurrences, injuries and damages complained of herein:

   a.     Failing to properly monitor, assess and/or safeguard the condition of the Premises and, the safety of persons, such as Plaintiff, who were present on the Premises;

   b.     Failing to properly investigate, inspect and/or discover defects which existed on the Premises;

   c.     Failing to properly remedy, correct, repair, eradicate and/or remove defects which were known and/or which should have been known to exist, in the exercise of reasonable care;

   d.     Failing to properly and adequately warn, notify or advise invitees of the existing defects and the dangers associated with walkway, and use of the walkway; and

   e.     Failing to adequately train and supervise its employees.

## <u>DAMAGES</u>

15.     As a direct and proximate result of the negligent conduct described herein, Plaintiff has incurred the following actual damages:

   a.     Past and future medical expenses;

   b.     Past and future pain and suffering;

   c.     Past and future mental anguish;

   d.     Long term or permanent disability or physical impairment;

   e.     Past and future disfigurement and/or loss of normal bodily functioning; and

   f.     Past and future loss of earnings and earning capacity.

## PRE-JUDGMENT INTEREST

16.     Plaintiff seeks to recover pre-judgment interest as provided by law.

## JURY DEMAND

17.     Plaintiff hereby demands a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon final trial, Plaintiff have and recover of and from Defendants, judgment for actual damages as alleged, with pre-judgment and post-judgment interest, and for costs of suit and such other and further relief to which Plaintiff is justly entitled to receive.

Respectfully submitted,

*/s/ Robert L. Chaiken*
Robert L. Chaiken
State Bar No. 04057830
rchaiken@chaikenlaw.com
Attorney-in-Charge
Carrie P. Kitner
State Bar No. 24074921
ckitner@chaikenlaw.com

**CHAIKEN & CHAIKEN, P.C.**
Legacy Town Center III
5801 Tennyson Pkwy., Suite 440
Plano, Texas 75024
(214) 265-0250 telephone
(214) 265-1537 facsimile

**ATTORNEYS FOR PLAINTIFF**